In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00449-CV

_____

IN RE BESTEST, INC. AND JOSHUA ALAN JORDAN

_____

Original Proceeding
136th District Court of Jefferson County, Texas
Trial Cause No. D-199,594

_____

MEMORANDUM OPINION

In this original mandamus proceeding, we must decide whether the trial court clearly abused its discretion by refusing to rule on a defendant's motion to transfer venue until after the parties complete discovery and mediation. We hold that the trial court clearly abused its discretion. Because no adequate appellate remedy exists, we conditionally grant mandamus relief.

Seven-year-old Jarod Johnson Jr. died in a motor vehicle collision on June 17, 2016. Holly D. Johnson filed a wrongful death suit in Jefferson County, Texas, against BesTest, Inc., Joshua Alan Jordan, Jarod Lawrence Johnson and Refractory

1

Construction Services Co., LLC. Her pleadings allege that at the time of the collision Jordan was in the scope of his employment with BesTest and Johnson was in the scope of his employment with Refractory. She alleged that venue is proper in Jefferson County pursuant to section 15.002(a)(3) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(3) (West 2017).

On March 31, 2017, BesTest and Jordan jointly filed a motion to transfer venue. They alleged that the accident occurred in Liberty County, the plaintiff resides in Liberty County, Jordan resides in Hardin County, BesTest has its principal place of business in Lee County, and Refractory has its corporate office in Galveston County. They specifically denied the plaintiff's contention that Refractory Construction Services Co., LLC does business in Jefferson County, Texas at their corporate offices in Nederland, Texas. They requested that the case be transferred to Galveston County. On June 20, 2017, a deposition was taken of Thomas Vaughn, the Beaumont Area Manager for Refractory.

According to the parties, the trial court initially heard the motions to transfer on July 10, 2017. On October 5, 2017, BesTest and Jordan filed a motion for a ruling on their motion to transfer venue. They alleged no further venue discovery was required and argued that Rule 87 of the Texas Rules of Civil Procedure requires that the trial court determine a motion to transfer venue promptly. Holly Johnson filed a

2

response and moved for entry of a docket control order. Citing excerpts from Vaughn's deposition, she argued in part that Refractory has a principal office in Jefferson County. Additionally, she argued that additional time was required for discovery, including the deposition of the corporate representative/venue witness for BesTest, and to review venue relevant documentation. The proposed docket control order would require alternative dispute resolution to conclude by February 1, 2018, and set a trial date of April 9, 2018.

On October 17, 2017, the trial court conducted a hearing on the motion for a ruling. The trial court discussed setting the case for a trial in May 2018. Refractory's counsel agreed to having the trial court keep Refractory's motion to transfer under advisement, and requested time to submit additional briefing concerning transferring an entire case to a county of proper venue. The trial court suggested, "I'm willing to kind of, I guess, grant some leeway or latitude if everybody is on board with that and then see how the rest of the discovery unfolds." The trial court suggested that after mediation they could ask for a status conference and obtain a ruling on the motion to transfer at that time. During the October hearing, counsel for BesTest and Jordan did not voice an objection to the trial court's decision to delay ruling on their motion to transfer.

In a hearing held November 13, 2017, BesTest and Jordan requested a ruling on their motion to transfer. Counsel explained that the trial court had not considered their motion for a ruling during the October 17 hearing. The trial court explained that he decided to postpone ruling on the motion to transfer because one of the defendants had waived venue and additional discovery would assist the court in determining whether to sever the case and send the defendants to different counties. Reasoning that the best time for mediation was after discovery was complete, the trial court ruled that it would not rule on the motion to transfer until after the parties submitted to mediation. Counsel for Refractory reminded the trial court that he had obtained permission to submit additional briefing and informed the trial court that he had filed the brief.

In her response to the mandamus petition, Holly Johnson suggests a delay of four to six months is not unreasonable, that the trial court properly considered Relators' silence and Refractory's consent to delaying a ruling in the October 17 hearing, and that delaying a ruling on the motion to transfer until after discovery and mediation is completed is neither arbitrary nor unreasonable because an immediate ruling on the motion to transfer venue "had the potential to create a procedural and logistical nightmare caused by two different trials in two different counties regarding the conduct of the same parties in the same motor vehicle collision."

4

A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *See In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding) (mandamus relief conditionally granted when trial court refused to rule on a motion for partial summary judgment before trial). What is considered a reasonable amount of time is dependent upon the circumstances of each case. *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding) (mandamus relief conditionally granted when motion to compel arbitration was left pending approximately six months).

In considering what is considered a reasonable time under the circumstances of this case, it is significant that the matter under the trial court's advisement is a motion to transfer venue. "The determination of a motion to transfer venue shall be made promptly by the court and such determination must be made in a reasonable time prior to commencement of the trial on the merits." Tex. R. Civ. P. 87.1. Three months after the parties submitted their venue affidavits and after the trial court took the matter under advisement, BesTest and Jordan complained that the trial court had failed to determine their motion to transfer promptly. On November 13 when BesTest and Jordan requested a ruling, it appears the trial court had before it all the information required to consider the merits of the venue issue, which concerned

5

whether Refractory had a principal office in Jefferson County. The trial court's stated reason to further delay its decision on the motion to transfer venue for several additional months does not concern the merits of the venue issue. Rather, it is based solely on speculation that one of the defendants might settle or be non-suited from the case. Under the record before us, we conclude that the trial court abused its discretion by failing to determine venue promptly, as required by the applicable rule. *See id.*; *see also Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

Citing *In re Masonite Corporation*, Holly Johnson argues that Relators have not established that they lack an adequate remedy by appeal because permissive venue determinations are properly reviewed on appeal following judgment on the merits. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). In *Masonite Corporation*, the appellate court acknowledged that permissive venue rulings are typically reviewed on appeal, but granted mandamus relief because the trial court's erroneous venue ruling burdened other courts. *Id.* at 198-99. Nevertheless, mandamus may properly be employed to correct improper venue procedure. In *re Shell Oil Co.*, 128 S.W.3d 694, 696 (Tex. 2004). The trial court's refusal to rule promptly, as required by Rule 87, is an error of venue procedure. *See* Tex. R. Civ. P. 87.1. In evaluating benefits and detriments of mandamus, we consider whether mandamus will preserve important substantive and

procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008).

Accordingly, we conditionally grant the writ, and direct the trial court to rule on the motion to transfer the case. The writ will not issue unless the trial court fails to act in accordance with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on December 4, 2017
Opinion Delivered December 21, 2017

Before McKeithen, C.J., Horton and Johnson, JJ.